FILED
2025 JUL 21 AM 11:40
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

Jane Doe,
Plaintiff,

v.

Extra Space Storage Inc., OpenTech Alliance Inc., and StorageTreasures.com,
Defendants.

Civil Action No. _____

Case: 2:25-cv-00590
Assigned To : Kimball, Dale A.
Assign. Date : 7/21/2025
Description: Doe v Extra Space Storage et al

MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR LIMITED PROTECTIVE SEALING

Plaintiff Jane Doe, by and through this motion, respectfully requests leave of Court to proceed under a pseudonym for the purposes of litigating the above-captioned action. Plaintiff further requests that only limited documents containing private medical or military identifiers be permitted to be filed under seal, and that the case otherwise remain unsealed in the public interest.

In support of this motion, Plaintiff states the following:

I. Legal Standard

Although Federal Rule of Civil Procedure 10(a) generally requires that the names of parties appear in the complaint, federal courts have long recognized that a party may proceed anonymously where privacy, safety, or other compelling interests outweigh the presumption of openness. See Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981); Sealed Plaintiff v. Sealed Defendant No. 1, 537 F.3d 185 (2d Cir. 2008).

Courts within the Tenth Circuit also permit pseudonymous filings in cases involving highly sensitive, personal, or stigmatizing matters, including those arising under the Americans with Disabilities Act and constitutional privacy rights.

II. Grounds for Pseudonym Protection

Plaintiff is a disabled military veteran and trauma survivor pursuing relief for ongoing and irreparable harm, including the imminent public auction of sacred, evidentiary, and medical property due to the conduct of Defendants. Plaintiff has also endured systemic inaction by prior courts, requiring repeated emergency litigation under extreme duress.

Plaintiff is also the primary caregiver for a disabled spouse suffering from neurocognitive and neurological impairments, who is directly affected by the events giving rise to this case.

The nature of Plaintiff's disabilities, the documentation supporting those conditions, and the family's private medical treatment history constitute sensitive information protected by the ADA and federal privacy doctrines. These materials including medical records, psychiatric letters, and service-related documents such as Plaintiff's DD-214 are entitled to limited protection and should be filed under seal if required by the Court.

III. Public Interest and Transparency

Plaintiff expressly does not seek to seal this case in its entirety. To the contrary, Plaintiff believes the public interest is served by transparency in this matter. The harm caused by Defendants implicates national corporate practices, veterans' civil rights, ADA compliance, and the dignity of those displaced by unchecked abuse of process.

Plaintiff's story is tragic, but not unique. The conduct challenged here demands public scrutiny by courts, government regulators, shareholders, and everyday citizens. Plaintiff therefore seeks only a narrowly tailored order to seal medically sensitive material if required for evidentiary purposes, but requests that the case remain otherwise public and accessible.

IV. No Prejudice to Defendants

Granting pseudonym protection at this stage will not prejudice Defendants. Plaintiff has already served notice of her true identity in correspondence and is prepared to disclose it to the Court and to opposing counsel subject to protective measures.

V. Relief Requested

Accordingly, Plaintiff respectfully requests that the Court:

1. Grant leave to proceed under the pseudonym Jane Doe throughout the duration of this case;

2. Permit Plaintiff to file any documents containing personal military, medical, or psychiatric identifiers under seal, as needed;

3. Decline to seal the docket or filings more broadly;

4. Grant such other relief as the Court deems appropriate.

A proposed order is submitted herewith.

Respectfully submitted,
Jane Doe (Pro Se)

Dated: July 19, 2025