FILED
2025 JUL 21 AM 11:36
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

Jane Doe,
Plaintiff,
v.
Extra Space Storage Inc., OpenTech Alliance, Inc., and StorageTreasures.com,
Defendants.

Case: 2:25-cv-00590
Assigned To : Kimball, Dale A.
Assign. Date : 7/21/2025
Description: Doe v Extra Space Storage et al

Civil Action No. _____

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(Pursuant to Fed. R. Civ. P. 65 and DUCivR 65-1)

Plaintiff, proceeding pro se, respectfully moves this Court for entry of a Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and DUCivR 65-1, to enjoin Defendants from proceeding with the auction of Plaintiff's personal storage unit currently scheduled for July 23, 2025 at 12:00 PM Eastern Time.

The injunction is necessary to prevent irreparable harm and enforce Plaintiff's rights under the following legal authorities:

• Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131–12134 (Title II) and §§ 12181–12189 (Title III);

• Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;

• Privacy Act of 1974, 5 U.S.C. § 552a;

• Fourteenth Amendment to the United States Constitution (procedural due process);

• Applicable state consumer protection and lien enforcement statutes.

I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Enjoin Defendants from auctioning or otherwise disposing of Plaintiff's personal property pending resolution of this action;

2. Schedule a hearing on Plaintiff's request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) on Monday, July 21, 2025, or at the earliest availability prior to the auction date;

3. Order Defendants to preserve the status quo and refrain from accessing, altering, or disbursing any contents of Plaintiff's unit;

4. Waive the bond requirement under Fed. R. Civ. P. 65(c) based on Plaintiff's indigency and controlling case law recognizing judicial discretion in civil rights and public interest litigation;

5. Direct that all further communication from Defendants to Plaintiff occur only through counsel or judicial proceedings, consistent with the Court's inherent authority under 28 U.S.C. § 1651(a) and Fed. R. Civ. P. 26(c);

6. Grant such other relief as the Court deems just and proper.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 65, a preliminary injunction is appropriate where the movant establishes:
1. A likelihood of success on the merits;

2. A threat of irreparable harm absent the injunction;

3. That the balance of equities tips in the movant's favor; and

4. That the injunction is in the public interest.

See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008); Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1246 (10th Cir. 2001); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

## III. ARGUMENT

A. Irreparable Harm

The threatened auction will result in the permanent loss or public exposure of:

• Medical records and mental health documentation, protected under ADA, Rehabilitation Act, and Privacy Act,

• Sealed litigation materials and privileged legal evidence, protected under court access doctrine, Bounds v. Smith, 430 U.S. 817 (1977),

• Cremated remains and sacred property implicating liberty interests under the First and Fourteenth Amendments,

• Documents necessary to Plaintiff's pending federal disability, whistleblower, and housing claims.

Harm is irreparable where legal remedies (i.e., monetary damages) are inadequate. See Schrier v. University of Colorado, 427 F.3d 1253, 1267 (10th Cir. 2005). Exposure or destruction of sacred and evidentiary property constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373 (1976) (loss of constitutional rights "for even minimal periods of time" constitutes irreparable injury).

B. Likelihood of Success on the Merits

Plaintiff is likely to succeed under:

1. Title II and III of the ADA, 42 U.S.C. §§ 12132, 12182: Failure to provide reasonable modifications in policies or procedures for a known disability constitutes discrimination per Tennessee v. Lane, 541 U.S. 509 (2004).

2. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794: Government-funded or public-serving entities must provide effective communication and equal access. Denial of modification requests violates this duty.

3. Fourteenth Amendment – Procedural Due Process: The auction threatens liberty and property interests without adequate notice, hearing, or accommodation. See Goldberg v. Kelly, 397 U.S. 254 (1970).

4. Privacy Act, 5 U.S.C. § 552a(b): Unauthorized dissemination of personal data, including health records, without consent or statutory exemption is unlawful.

5. State Law: Defendants' auction practices appear to violate the requirements of Virginia's Self-Service Storage Facility Act, Va. Code § 55.1-2901 et seq., including notice and access requirements.

### C. Balance of Equities

The balance of hardships favors Plaintiff. The auction imposes permanent loss on Plaintiff. Defendants face only minor delay. See Fish v. Kobach, 840 F.3d 710, 755 (10th Cir. 2016) (equities favor injunction where movant faces lasting harm and non-movant suffers inconvenience).

### D. Public Interest

Public interest favors the protection of:

- Disability rights and the ADA's mandate of nondiscrimination (Olmstead v. L.C., 527 U.S. 581 (1999));

- Judicial access (Bounds, 430 U.S. at 824);

- Preventing the exposure of private and sacred materials tied to religious freedom and bodily integrity (Roberts v. United States Jaycees, 468 U.S. 609 (1984)).

The injunction serves public confidence in legal processes and statutory compliance.

## IV. BOND REQUEST UNDER RULE 65(c)

Under Fed. R. Civ. P. 65(c), a court may issue an injunction "only if the movant gives security." However, the court retains discretion to waive the bond requirement in civil rights cases and matters involving indigent plaintiffs.

"The district court may dispense with the filing of a bond when it concludes there is no risk of monetary loss to the defendant or the requirement would effectively deny access to judicial relief."
—City of Atlanta v. Metro. Atlanta Rapid Transit Auth., 636 F.2d 1084, 1094 (5th Cir. 1981).

See also Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1156 (10th Cir. 2011) (district courts have "wide discretion" to set bond amount, including setting at $0).

Plaintiff is indigent and seeks only preservation of status quo; no financial harm to Defendants will occur from delay.

V. REQUEST FOR REMOTE HEARING (ADA ACCOMMODATION)

Pursuant to Fed. R. Civ. P. 43(a) and DUCivR 43-1, and in light of Plaintiff's disability and trauma-related impairments, Plaintiff requests that the hearing on this matter be conducted via video conference (Zoom) or other remote access method.

Remote hearings are permitted where good cause exists and are consistent with due process. United States v. Thompson, 599 F.3d 595, 601 (7th Cir. 2010). Plaintiff is a qualified individual under the ADA and requires reasonable accommodation for access to judicial proceedings.

VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order enjoining the auction scheduled for July 23, 2025;

2. Set a hearing on Plaintiff's request for preliminary injunction for Monday, July 21, 2025, or at the Court's earliest availability;

3. Waive the Rule 65(c) bond requirement;

4. Permit remote hearing accommodations under federal law;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Jane Doe
Plaintiff, Pro Se
Dated: July 19, 2025