IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>EXTRA SPACE STORAGE INC.;<br>OPENTECH ALLIANCE, INC.;<br>STORAGETREASURES.COM,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-CV-00590-RJS<br><br>Chief District Judge Robert J. Shelby |

This matter comes before the court on Plaintiff Jane Doe's Motion for Leave to Proceed in forma pauperis (IFP)[1] and Motion for Temporary Restraining Order against Defendants Extra Space Storage, Inc. (Extra Space), OpenTech Alliance, Inc. (OpenTech), and StorageTreasures.com.[2] Because Plaintiff has not presented a claim upon which relief can be granted, the court denies Plaintiff's Motions and dismisses the matter.

### I.    BACKGROUND[3]

Plaintiff is a disabled veteran, sexual assault survivor, and mother living in Virginia.[4] She suffers from post-traumatic stress disorder, anxiety, and "other medical conditions stemming from military sexual trauma, institutional abuse, and systemic displacement."[5] Since 2021,

---

[1] Dkt. 2, *Motion to Proceed in forma pauperis*.

[2] Dkt. 8, *Motion for Temporary Restraining Order*.

[3] The following background is based on Plaintiff's Complaint and related Motions.

[4] Dkt. 1-1, *Complaint for Emergency Injunctive Relief, Damages, and Declaratory Relief* (*Complaint*) ¶ 1.

[5] *Id*.

Plaintiff has rented a storage unit from Extra Space in Virginia.[6] Plaintiff stores the following items in her storage unit: medical and legal records, "sacred spiritual items," family heirlooms, and the cremated remains of her mother-in-law.[7] In the last two years, Plaintiff has experienced various hardships, including housing instability, "medical denial," and other legal and family difficulties.[8]

Beginning in 2023, Plaintiff made multiple requests, verbally and in writing, for "reasonable accommodations" from Extra Space.[9] Plaintiff explained her situation to Extra Space and requested "protection under the Americans with Disabilities Act and pleaded for relief" from "auction procedures."[10] Extra Space did not "modify their process."[11]

On July 10, 2025, Extra Space informed Plaintiff they had initiated the auction process for the contents of her storage unit.[12] Extra Space scheduled the auction for July 23, 2025, and listed with StorageTreasures.com.[13] Plaintiff contacted Extra Space and objected.[14] Plaintiff alleges an Extra Space manager pressured her to "accept a '0 pay-to-vacate' deal under threat of permanent loss."[15] Plaintiff informed Extra Space regarding the sensitive and sentimental

---

[6] *Id.* ¶ 2.

[7] *Id.*

[8] *Id.* ¶ 3.

[9] *Id.* ¶ 4. Though it is not clear from Plaintiff's Complaint, the court assumes that at some point Extra Space elected to foreclose due to Plaintiff's failure to pay.[9]

[10] *Id.*

[11] *Id.* ¶ 5.

[12] *Id.* ¶ 6.

[13] *Id.* ¶¶ 6–7.

[14] *Id.* ¶ 8.

[15] *Id.*

contents, "described her mental health state, and explained that she was invoking federal rights."[16] Defendants did not modify their procedures or any auction arrangements.[17]

As of the date of filing her Complaint on July 21, 2025, Plaintiff had no access to the contents of the storage unit to retrieve her property and had received "no assurance of recovery."[18]

## PROCEDURAL HISTORY

On July 21, 2025, Plaintiff filed a Complaint asserting six claims: 1) Violation of the American Disabilities Act; 2) Violation of the Rehabilitation Act; 3) Threatened Violation of Constitutional Information Privacy and Dignitary Integrity under 42 U.S.C. § 1983; 4) Violation of the Right of Access to the Courts and the Fourteenth Amendment Due Process Clause under 42 U.S.C. § 1983; 5) Violations of the Virginia Self-Service Storage Facility Act and the Virginia Consumer Protection Act; and 6) Retaliation, Coercion, and Interference in Violation of the American with Disabilities Act (ADA).[19] Plaintiff also filed other motions contemporaneously, including a Motion for a Temporary Restraining Order,[20] and she seeks the following relief: a temporary restraining order and preliminary injunction to stop the July 23, 2025 auction; an order that Defendants establish a payment plan, help her move her belongings, and pay for or assist her with relocation; a declaration that Defendants violated the ADA, the Rehabilitation Act, and "Section 504"; a declaration recognizing Plaintiff's "constitutional right

---

[16] *Id.* ¶ 9.

[17] *Id.* ¶ 10.

[18] *Id.* ¶ 12.

[19] *Id.* at 6–19.

[20] *Motion for Temporary Restraining Order*; Dkt. 4, *Motion to Proceed by Pseudonym*; Dkt. 7, *Motion for Emergency Injunction Relief*; Dkt. 9, *Motion to Expedite Briefing and Hearing;* Dkt. 10, *Motion to Appoint Emergency Counsel.*

of access to courts"; an order barring Defendants from contacting her; $10 million dollars in compensatory and punitive damages; $20 million dollars for "[s]tructural relief," including trauma-informed policy reforms, training reforms, and reforms "to ensure court-relevant materials are not auctioned without due process . . . to prevent future discrimination against similarly situated individuals"; and attorney fees and costs.[21]

Because Plaintiff filed her case two days before the auction was scheduled to take place, the court promptly screened Plaintiff's Complaint and Motion for Temporary Restraining Order. After ascertaining that Plaintiff had not presented any federal claim for which the court could grant relief, the court entered a docket text order notifying Plaintiff it would not take action and that a written opinion would follow.[22] Plaintiff subsequently appealed to the Tenth Circuit.[23] On July 24, 2025, Plaintiff emailed the Tenth Circuit Clerk of Court stating she could not "continue with [the] appeal" and asked the court to dismiss the case.[24]

## II.  LEGAL STANDARD

28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an action filed by an IFP plaintiff if the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[25] Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[26] "Dismissal of a

---

[21] *Complaint*, at 8–21.

[22] Dkt. 12, *Docket Text Order*.

[23] Dkt. 13, *Notice of Appeal*.

[24] Dkt. 23, *Email chain from Plaintiff to the court and others*.

[25] 28 U.S.C. § 1915(e)(2)(B).

[26] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend."[27]

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing the pleader is entitled to relief . . .; and (3) a demand for the relief sought."[28]  Additionally, a complaint must be "plausible on its face."[29]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

## ANALYSIS

Here, the court concludes dismissal is appropriate because Plaintiff's Complaint does not meet the required pleading standard.  The court addresses each claim in turn.

### A. Violation of the Americans with Disabilities Act.

Plaintiff first claims Defendants violated the ADA by not making accommodations for her situation.[31]  Specifically, she alleges Defendants violated Titles II, III, and IV of the ADA because she is disabled, Defendants "operate public accommodations and programs" in their self-storage facilities, she informed Defendants of her disabilities and requested accommodations, and Defendants failed to assess or accommodate her requests.[32]

---

[27] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation marks and citation omitted).

[28] Fed. R. Civ. P. 8(a)(2).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[30] *Id.*

[31] Claim I asserts a violation of Title V but references the statute for Title IV.  There is no Title V of the ADA.  *See generally*, 42 U.S.C. §§ 12111–12213.

[32] *Complaint* at 6–8.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."[33] Title III states that any person who owns or operates a place of public accommodation may not discriminate against a person "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, . . . or accommodations of any place of public accommodation."[34] Title IV prohibits any person from discrimination against a person with disabilities who "has opposed any act or practice" that is unlawful under the ADA.[35]

Plaintiff cannot obtain relief under Title II of the ADA because Defendants do not offer public services, programs, or activities of a public entity. The ADA defines a "public entity" as "any State or local government," a "department, agency, special purpose district, or other instrumentality of a State or States or local government," and the National Railroad Passenger Corporation.[36] Defendants are none of these—Defendants are private entities and cannot be liable for violations of Title II of the ADA.

While Title III of the ADA does provide a cause of action against private entities, violations may only be asserted against private entities who operate public accommodations and services.[37] The ADA's definition of "public accommodation" does not encompass a self-storage company or the other services Defendants provide. Under the ADA, "public accommodation"

---

[33] *Tennessee v. Lane*, 541 U.S. 509, 513 (2004) (quoting 42 U.S.C. § 12132).

[34] 42 U.S.C. § 12182(a).

[35] *Id.* § 12203.

[36] *Id.* § 12131.

[37] ADA Subchapter III is titled "Public accommodations and Services Operated by Private Entities." *See* 42 U.S.C. §§ 121–89.

includes 12 categories of "operations or entities."[38] Taken as a whole, these categories include only operations or entities where members of the public gather or intermingle, like restaurants, theaters, shopping centers, public transportation stations, libraries, recreational facilities, and educational facilities.[39] Here, Defendants do not own or operate an entity that qualifies as a public accommodation under the ADA. Accordingly, they cannot be liable under Title III.

    Lastly, the fact that Defendants are not public entities nor operate a public accommodation is fatal to Plaintiff's retaliation claim for violation of Title IV. Title IV protects an individual from being discriminated against *because* that individual opposed an act or practice that is "made unlawful by [the ADA]."[40] Plaintiff has not alleged any facts supporting retaliation—Plaintiff has not alleged Defendants took any action against Plaintiff *because* she complained to them or initiated legal proceedings. Indeed, according to the Complaint, Defendants action remained the same—they continued with their process to empty Plaintiff's belongings from the storage unit she had rented due to nonpayment.[41]

---

[38] *See* 42 U.S.C. § 12181(7).

[39] *Id.* § 12181(7)(A)–(L) (listing the following operations and entities as public accommodations: "(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor; (B) a restaurant, bar, or other establishment serving food or drink; (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment; (D) an auditorium, convention center, lecture hall, or other place of public gathering; (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; (G) a terminal, depot, or other station used for specified public transportation; (H) a museum, library, gallery, or other place of public display or collection; (I) a park, zoo, amusement park, or other place of recreation; (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education; (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation").

[40] 42 U.S.C. § 12203(a).

[41] *See Complaint* ¶¶ 3–19.

### B. Violation of the Rehabilitation Act.

Claim II of Plaintiff's Complaint alleges Defendants violated the Rehabilitation Act of 1973. Specifically, Plaintiff alleges Defendants violated 29 U.S.C. § 297: Nondiscrimination under Federal grants and program.[42] Plaintiff has not alleged facts to support this claim.

As Plaintiff acknowledges, "[t]he Rehabilitation Act prohibits discrimination on the basis of disability in programs or activities *that receive federal financial assistance or are carried out by any federal agency or contractor*."[43] Defendants are not federal agencies or contractors, and Plaintiff never alleges they receive federal financial assistance. Accordingly, the Complaint does not include sufficient information for "the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged."[44]

### C. Claims III and IV: "Threatened Violation of Constitutional Information Privacy and Dignitary Integrity" and "Violation of the Right of Access to the Courts and the Fourteenth Amendment Due Process."

Plaintiff asserts Claims III and IV under 42 U.S.C. § 1983.[45] 42 U.S.C. § 1983 allows for claims against individuals who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" Plaintiff has not alleged Defendants were acting under color of law, i.e., were state actors. Indeed, it is clear from the Complaint that Defendants are

---

[42] *Complaint* at 8–9.

[43] *Id.*; 29 U.S.C. § 794(a) (emphasis added).

[44] *Iqbal*, 556 U.S. at 678.

[45] *See Complaint* at 10 (asserting Defendants Threatened Violation of Constitutional Information Privacy and Dignitary Integrity because "[t]he United States Constitution protects the fundamental right of individuals to avoid the public disclosure of highly sensitive medical, psychological, and trauma-related information. This right is rooted in the concept of substantive due process and is enforceable through 42 U.S.C. § 1983."); *id.* at 12 (alleging Violation of the Right of Access to the Courts and the Fourteenth Amendment Due Process Clause through 42 U.S.C. § 1983 for "threatened evidence destruction and court access interference).

not State actors.[46] Nor does the Complaint allege deprivation of any constitutional rights or privileges.[47] Accordingly, these Claims must be dismissed.

### D. Violation, Coercion, and Interference in Violation of the Americans with Disabilities Act.

Claim VI of Plaintiff's Complaint alleges the same claim as Claim I: retaliation under 42 U.S.C. § 12203. As explained above, the ADA statute prohibiting retaliation protects an individual from being discriminated against because that individual opposed an act or practice that is "made unlawful by [the ADA],"[48] and because Defendants' acts or practices are not unlawful under the ADA, Claim VI also fails.

### E. State Claim

Plaintiff's fifth cause of action is a Virgina state law claim.[49] Because Plaintiff has not asserted any viable federal claim, the court declines to exercise supplemental jurisdiction over her state law claim.[50]

---

[46] *Complaint* at 3 (explaining that "Defendant Extra Space Storage Inc. is a national storage corporation," "Defendant OpenTech Alliance, Inc. is a Utah-based technology provider," and "Defendant StorageTreasures.com is an auction platform used by Extra Space Storage and OpenTech to list and sell personal property through online public lien sales.").

[47] *See generally*, *Complaint*.

[48] 42 U.S.C. § 12203(a).

[49] *Complaint* at 14–16 (asserting violation of the Virginia Self-Service Storage Facility Act and the Virginia Consumer Protection Act).

[50] *See United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000) (stating "a district court has the constitutional power to exercise supplemental jurisdiction over state claims even after a federal claim has been dismissed," but whether to exercise supplemental jurisdiction "is within the trial court's discretion").

## III.   CONCLUSION

For the reasons stated above, it is ORDERED that Plaintiff's Motion to Proceed IFP[51] and Motion for Temporary Restraining Order[52] are DENIED.  Plaintiff's remaining Motions[53] are DENIED as moot and the Clerk of Court is directed to close the case.

DATED this 28th day of July 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[51] Dkt. 2.

[52] Dkt 8.

[53] Dkt. 4, *Motion to Proceed by Pseudonym*; Dkt. 5, *Motion to File Declaration of Identity Under Seal*; Dkt. 7, *Motion for Emergency Injunction Relief*; Dkt. 9, *Motion to Expedite Briefing and Hearing*; Dkt. 10, *Motion to Appoint Emergency Counsel*; Dkt. 14, *Motion to Seal/File Medical Record Under Seal*; Dkt. 22, *Motion to Remove Physical Mailing Address and Telephone Number from Public Docket*.